## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LOGAN IRELAND, *et al.*,

      Plaintiffs,

     v.

PETER B. HEGSETH, in his official capacity as Secretary of Defense, *et al.*,

      Defendants.

No. 25-cv-01918-CPO-AMD

**ORDER
TO SHOW CAUSE WHY
TEMPORARY RESTRAINING
ORDER TO PREVENT INITIATION
OF MILITARY ADMINISTRATIVE
SEPARATION PROCEEDINGS
AGAINST PLAINTIFFS SHOULD
NOT BE ISSUED**

**THIS MATTER** having been brought before the Court by Plaintiffs Logan Ireland and Nicholas Bear Bade (collectively, "Plaintiffs") by Order to Show Cause seeking a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1, and upon the Verified Complaint, Declarations, and Memorandum of Law submitted herewith, the Court having determined there are good and sufficient reasons why a procedure other than by notice of motion is necessary, and for good cause shown,

**IT IS** on this  18th   day of  March , 2025,

**ORDERED** that counsel for Defendants Peter B. Hegseth, in his official capacity as Secretary of Defense; the United States of America; Gary Ashworth, in his official capacity as Acting Secretary of the Air Force; and the United States Department of the Air Force (collectively, "Defendants") appear and show cause on the **24th day of March, 2025**, before the United States District Court for the District of New Jersey, at the Mitchell H. Cohen Building & U.S. Courthouse, located at 4th and Cooper Street, Courtroom 5A, Camden, New Jersey 08101, at 10 o'clock in the

morning, why an Order should not be entered:

1. Temporarily restraining Defendants from initiating administrative separation proceedings as to Plaintiffs pending further Order of this Court; and

2. Temporarily restraining Defendants by requiring Defendants to hold open, as to Plaintiffs, the voluntary separation offer outlined in Section 4.4(a)(4) of the Implementing Guidance for Executive Order 14183 pending further Order of this Court; and

3. Requiring no bond or nominal bond of Plaintiffs pursuant to *Temple Univ. v. White*, 941 F.2d 201, 220 n.28 (3d Cir. 1991) (stating that "the posting of a nominal bond" is appropriate when federal rights and public interests are at issue); and

4. Granting such other relief as the Court deems equitable and just.

And it is further **ORDERED** that:

1. Plaintiffs shall serve a copy of this Order to Show Cause, Verified Complaint, supporting Declarations, and Memorandum of Law submitted in support of this application, together with a summons, upon Defendants immediately but no later than 24 hours of the date and time hereof, in accordance with Federal Rule of Civil Procedure 4, and Plaintiffs shall file proof of service of the same on the docket; and

2. Any opposition papers shall be filed by Defendants and served upon counsel for Plaintiffs by no later than **March 20, 2025, at 6:00 p.m.**; and

3. In addition to responding to Plaintiffs' arguments, Defendants shall specifically address what, if any, implications arise from any decisions rendered in the other pending challenges to Executive Order 14168 presently being considered by any Court; and

4. The Parties are ordered to immediately notify the Court of any decisions rendered that

may impact this case; and

5. Any reply papers shall be filed with this Court and served upon Defendants by no later than **March 21, 2025, at 6:00 p.m.** and shall also address the issue raised in (3) above; and

6. Finally, the Government shall immediately notify Plaintiffs and the Court if the Department of Defense (or any of its subsidiaries) issues any policy or guidance implementing or related to implementation of the challenged Executive Orders in the military. The Government shall further immediately notify Plaintiffs and the Court **before** any changes are made to Plaintiffs' status quo as it presently exists as of this date in any respect.


**CHRISTINE P. O'HEARN**
**United States District Judge**