

**U.S. Department of Justice**

Civil Division
Federal Programs Branch

---

John Robinson
Trial Attorney

*1100 L Street NW*
*Washington, DC 20005*
*john.j.robinson@usdoj.gov*
*(202) 616-8489*

March 25, 2025

**Via ECF**
Hon. Christine P. O'Hearn,
United States District Court
District of New Jersey
Mitchell H. Cohen Courthouse
4th & Cooper Streets
Camden, NJ 08101

   **Re:**  ***Ireland v. Hegseth, et al*, No. 25-cv-01918**
      **Request to Stay Implementation of the Court's TRO**

Dear Judge O'Hearn,

  Defendants write to respectfully request that the Court stay the implementation of the Temporary Restraining Order ("TRO") issued yesterday by this Court until 5 p.m. on Friday, March 28, 2025. As the Department of Defense ("DoD") has made clear, no involuntary separation proceedings will begin before March 28, 2025. *See* ECF No. 26-1. Although Defendants have taken immediate steps to comply with the TRO, they seek this short stay so that they can proceed in an orderly fashion across the cases that challenge the same Executive Order and DoD policy. Defendants have conferred with counsel for Plaintiffs, who indicate that they oppose the requested relief.

  As the Court is aware, there are two other parallel cases, both of which seek nationwide preliminary relief that would redress Plaintiffs' alleged injuries. *See Talbott v. United States*, Case No. 1:25-cv-00240 (D.D.C.); *Shilling v. United States*, Case No. 1:25-cv-241 (W.D. Wash.). In *Talbott*, the court has issued a nationwide preliminary injunction, but has stayed the injunction until 48 hours after that court rules on the Government's motion to dissolve the preliminary injunction. Because the Acting Solicitor General has approved the appeal in *Talbott*, the Government will file an appeal immediately if that court denies the motion to dissolve. The Government will further seek a stay from the D.C. Circuit and potentially from the Supreme Court. In *Shilling*, the court expects to rule by Thursday, March 27, 2025, at 5 p.m. PT without a stay. The Government may also appeal any

injunction in that case as well as seek a stay in the Ninth Circuit and possibly the Supreme Court.  If the Government successfully obtains a stay, it may move to dissolve this Court's TRO.

      Granting a short stay of the TRO in this case will allow the Government to ensure a coordinated litigation approach that may result in treating all plaintiffs in these cases in a similar fashion and avoid the possible disruption caused by implementing potentially competing court rulings while the Government seeks relief from the appellate courts or the Supreme Court.  Indeed, in *Talbott*, despite the plaintiffs' repeated requests for a TRO to prevent DoD from placing the plaintiffs in that case on administrative absence status, the court has not yet issued any such TRO as of this filing.

      Should this proposal be acceptable to Your Honor, we respectfully request that you "so order" this letter and have the Clerk's Office file it on the docket.  Thank you very much for your consideration of this request.

      Respectfully submitted,

      YAAKOV M. ROTH
      Acting Assistant Attorney General

      JEAN LIN
      Special Litigation Counsel

By:    */s/ John Robinson*
      ELIZABETH B. LAYENDECKER
      JASON C. LYNCH
      JOHN ROBINSON
      Trial Attorneys
      United States Department of Justice
      Civil Division, Federal Programs Branch
      1100 L Street NW
      Washington D.C. 20005
      (202) 616-8489
      *Attorneys for Defendants*

cc:    All counsel of record (via ECF)